UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFRED LABOSSIERE,

Plaintiff,

-against-

DOWNSTATE CORRECTIONAL
FACILITY; C.O. AKINWUNMI; C.O. A.
JONES,

Defendants.

21-CV-10540 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated in Downstate Correctional Facility. Named as Defendants are Downstate Correctional Facility, Correction Officer Akinwunmi, and Correction Officer A. Jones. By order dated January 27, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Wilfred Labossiere brings this action regarding events that occurred in Downstate Correctional Facility between December 4, 2020, and July 11, 2021. The following

allegations are taken from the complaint and the documents attached thereto. On December 4,

2020, Plaintiff went to the 4-complex law library because he "needed to complete legal matters."

(ECF 2, at 4.) When he arrived, he found that the law library was closed. Plaintiff spoke to the

area sergeant who contacted Defendant C.O. Akinwunmi to open the library. "Thereafter

[Akinwunmi] began a campai[g]n of har[]assment[,] intimidation, false keeplocks, and violations

of opening [Plaintiff's] legal mail," all of which Plaintiff describes as "acts of retaliation." (*Id.*)

Akinwunmi "call[ed] other officers [to] check on" Plaintiff's whereabouts, and told the officers

that Plaintiff was a "RAT and Snitch." (*Id.*) Akinwunmi "intimidate[d] the civilians that

supervised [Plaintiff's] program" by "asking them of [Plaintiff's] schedule." (*Id.*) She refused to

allow Plaintiff to "see [his] counselor" and "interfered with [his] religious expression," causing

the Prison Imam to have to call Akinwunmi. (*Id.*) Akinwunmi also "opened [Plaintiff's] legal

mail and removed contents without [Plaintiff's] knowledge." (*Id.*) She further filed a "false

keeplock" on Plaintiff "which was dismissed after seven days of keeplock as the lieute[nant]

investigated the claims on the report to be misleading." (*Id.*) Plaintiff alleges that Akinwunmi

created an environment that caused other inmates to "behave disproportioned toward" Plaintiff.

(*Id.*)

The complaint directs the reader to the attached inmate grievances, misbehavior report,

and responses from the Inmate Grievance Resolution Committee (IGRC).[2]

An undated and unnumbered Inmate Grievance Complaint attached to the complaint

recounts the same December 4, 2020 incident at the law library that is described in the

---

[2] The complaint specifically references the following documents: (1) Grievance # DS-0207-20; (2) Grievance # DS-0002021; (3) another grievance dated December 15, 2020; and (4) an Inmate Misbehavior Report dated August 11, 2021, along with the IGRC response. (*See id*.) Several of the attachments are unlabeled, however, and it appears that Plaintiff did not attach all the referenced documents.

complaint, and alleges the following additional facts: On December 6, 2020, Plaintiff arrived at the law library at 1:00 p.m. as per his "Law Library assignment program." (*Id.* at 7.) Akinwunmi[3] told Plaintiff that the library opens at 1:30 p.m., and requested that the senior librarian change the opening time on the schedule from 1:00 p.m. to 1:30 p.m. The senior librarian affirmed Plaintiff's belief that the library hours are determined by DOCCS and that changing the time will "cause Downstate to be out of compliance" with DOCCS rules.[4] (*Id.* at 7.)

Also on December 6, 2020, Plaintiff's counselor, Ms. Diaz, requested to see him. Plaintiff reported to the "lobby" as required, but Akinwunmi "raised her voice" and told Plaintiff to go back to his cell block and have Diaz call the lobby. Plaintiff appears to state that while Akinwunmi was "yell[ing]" at Plaintiff, the phone rang after which Plaintiff was allowed to see Diaz. (*Id.*)

On December 11, 2020, Plaintiff entered the lobby for a meeting with his Imam. Akinwunmi "raise[d] her voice" at Plaintiff while explaining that Plaintiff's Imam must call her in order to allow Plaintiff to enter. (*Id.* at 8.) Plaintiff instead had to wait for another inmate to tell the Imam to call the lobby so that Plaintiff could enter. This incident appears to be Akinwunmi's attempt to "interfere[] with [Plaintiff's] religious expression" that is referenced in the complaint. (*See id.* at 4.)

On December 14, 2020, Plaintiff again went to the 4-complex library to get a replacement ribbon for a typewriter. The lobby officer, presumably Akinwunmi, again told Plaintiff that the library opens at 1:30pm. The lobby officer told Plaintiff that Plaintiff worked on the 3-complex

---

[3] The grievance here refers to "lobby officer Ms. Akramie" with a notation from Plaintiff that the "spelling may be incorrect." (*Id.* at 7.) The remainder of the grievance refers to this person as "Officer 'A'" or "Ms. 'A'." Based on context and the allegations in the complaint, the Court assumes this person to be Akinwunmi for the purposes of this order.

[4] The grievance does not state whether the library hours were changed.

law library, and before Plaintiff could explain why he was at the 4-complex library, the lobby

officer "got loud." (*Id.* at 8.) Since that incident, the lobby officer has called the librarians to

check if Plaintiff was in the correct location.

The attached Inmate Misbehavior Report, which is largely illegible due to its being

photocopied, appears to involve an incident in August 2021, in which Plaintiff did not show up

for his assigned job and was instead found "in the library watching a movie." (*Id.* at 9.)

Finally, Plaintiff attaches to the complaint two forms labeled "Response of IGRC." The

first form, signed on January 15, 2021, states that the Warden shall open incoming "special mail"

only in the presence of the inmate for inspection for physical contraband and for any enclosures

that may be considered "Special mail."[5] (*Id.* at 10.) The second form, which is dated December

31, 2020, states that a sergeant "discussed all stated points" in the grievance with Officer

Akinwunmi and that Akinwunmi was "confident in her understanding that the procedures set

forth will be adhered to without further incidents" (*Id.* at 11.)

Plaintiff seeks $500,000 in damages,

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988).

### A.   Claims Against Downstate Correctional Facility

The Court must dismiss Plaintiff's claims against Downstate Correctional Facility.

Section 1983 provides that an action may be maintained against a "person" who has deprived

---

[5] The document does not define "special mail."

another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Downstate Correctional Facility is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). Therefore, the Court dismisses Plaintiff's claim against Downstate Correction Facility for failure to state a claim on which relief many be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims Against C.O. A. Jones**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how C.O. A. Jones was personally involved in the events underlying his claims. If Plaintiff files an amended complaint that seeks to assert

claims against C.O. A. Jones, he must allege facts showing how this defendant was personally involved in the events giving rise to his claims.

**C.**      **Access-to-court Claims**

The Court liberally construes Plaintiff's allegations as asserting claims under Section 1983 that he was denied access to the courts through being denied access to the law library and because Akinwunmi tampered with his legal mail.

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds v. Smith*, 430 U.S. 817, 824-28 (1977)). Protecting these rights "require[s] prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92–93 (2d Cir. 2004) (quoting *Bounds,* 430 U.S. at 821, 828). But assistance from prison authorities is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

Access to the courts does not require prison authorities to furnish inmates with unlimited access to any and all resources that might support a prisoner in presenting his legal claim. *Id.* at 355. A claim that an individual's right of access to the courts has been denied may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss or inadequate settlement of a meritorious suit that cannot now be tried (backward-looking claim). *See Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Harbury*, 536 U.S. at 415. To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant' s actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

Here, because Plaintiff does not suggest any prejudice to an ongoing legal proceeding, his allegations are insufficient to state a claim that his right to access the courts has been violated with respect to either his ability to access the law library or his allegation that Akinwunmi tampered with his legal mail. Plaintiff does not identify the nature of any "nonfrivolous, 'arguable' underlying claim" that he is pursuing. *Harbury*, 546 U.S. at 415. Nor does he detail the nature of his legal mail or the harm caused by Akinwunmi's alleged actions. Moreover, with respect to his claims related to the law library, Plaintiff does not allege that he was actually denied access to the law library. He rather appears to allege that he had to ask an officer to open the library at 1:00 p.m. instead of 1:30 p.m. Mere delay in working on a legal matter is insufficient to establish a constitutional violation. *See Jermosen*, 877 F. Supp. at 871.

The Court grants Plaintiff leave to amend his complaint to provide any additional facts suggesting that he was hindered from pursuing an arguably meritorious legal claim.

### D.    General Mail-Tampering Claim

The Court construes Plaintiff's allegations as also attempting to assert a general mail-tampering claim. To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. But as few as two incidents of mail tampering may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id*. at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts suggesting that Defendants interfered with his mail in a manner that rises to the level of a constitutional violation because he does not state that Defendants subjected him to regular and unjustifiable interference with his mail or that any inference affected his ability to access the courts or impaired his legal representation.

### E.    First Amendment Retaliation

The Court liberally construes the complaint as asserting claims that Akinwunmi retaliated against Plaintiff for exercising his First Amendment rights. The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for exercising his right to free speech under the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). A plaintiff asserting a First Amendment retaliation claim must show that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cnty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013); *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a

plaintiff alleging retaliation to establish speech protected by the First Amendment.") Because claims of retaliation are easily fabricated, courts consider such claims with skepticism and require that they be supported by specific facts. *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 2003).

Here, Plaintiff fails to state a claim for retaliation under the First Amendment. He alleges that Akinwunmi engaged in widespread "acts of retaliation" against him – including harassing him by checking up on his whereabout and reading his mail – as a result of the December 4, 2020 incident in which Plaintiff arrived at the law library only to find it closed and had to ask the area sergeant to ask Akinwunmi to open it. Even assuming Akinwunmi took "adverse actions" against Plaintiff, Plaintiff does not allege facts suggesting that he was engaged in speech or conduct protected by the First Amendment. Instead, he merely alleges that Akinwunmi took actions against him because he asked an area sergeant to ask Akinwunmi to open the law library, which apparently Akinwunmi did. As discussed above, the right to access prison law libraries and other legal assistance programs are not ends in themselves, but are rather "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis,* 518 U.S. at 351 (internal quotation marks omitted). Plaintiff therefore does not have a First Amendment right to access the law library whenever he chooses. Because Plaintiff has failed to allege that he engaged in speech or conduct that is protected by the First Amendment, any claim that Akinwunmi retaliated against him for that non-protected speech or conduct must also fail. Plaintiff has therefore failed to state a First Amendment retaliation claim.

## F.     Due Process Claims

The Court construes Plaintiff's allegations that he was placed in keeplock for seven days based on a false misbehavior report as asserting claims under the Due Process Clause. "In a

§ 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

Convicted prisoners have already been deprived of their liberty, and therefore "[a] prisoner's liberty interest is implicated by prison discipline, such as SHU [segregated housing unit] confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009); *Kalwasinski v. Morse*, 201 F.3d 103,107-08 (2d Cir. 1999) (discussing factors relevant to deciding if confinement in SHU constitutes an atypical hardship). Moreover, the Second Circuit has expressly held that "[t]he prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986) *reh'g en banc denied,* 826 F.2d 194 (2d Cir. 1987). If the disciplinary hearing that follows the false misbehavior report satisfies the requirements of the process, there is no constitutional violation. *Id.*

Here, the facts alleged do not show that Plaintiff was deprived of a liberty interest, such that he was entitled to procedural due process protection. Plaintiff alleges that he was placed in keeplock for seven days and was then released after a lieutenant investigated the claims against him and found them to be "misleading." (ECF 2, at 4.) Plaintiff thus has not alleged that he was

subjected to restrictive confinement sufficient to implicate a protected liberty interest. Plaintiff's

allegations thus fail to state a claim on which relief can be granted for a violation of his right to

procedural due process.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid Section 1983 claim arising from the events described in the

complaint, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims.

First, Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"

in both the caption and the body of the amended complaint.[7] The naming of John Doe

---

[6] The caption is located on the front page of the complaint. Each individual defendant
must be named in the caption. Plaintiff may attach additional pages if there is not enough space
to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all
defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any
defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on
duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against Downstate Correction Facility for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10540 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 7, 2022
         New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes     ☐ No

(check one)

\_\_\_ **Civ.** _____ (    )

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____

ID#_____

Current Institution_____

Address_____

_____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 2        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____

Defendant  No. 3        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____

**Who did what?**

Defendant  No. 4        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____

Defendant  No. 5        Name _____ Shield #_____

                        Where Currently Employed _____

                        Address _____

                        _____

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

**What happened to you?**

_____

_____

_____

_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

          Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____    No _____    Do Not Know _____

      If YES, which claim(s)?
      _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____    No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
      _____

      1.    Which claim(s) in this complaint did you grieve?
            _____

            _____

      2.    What was the result, if any?
            _____

            _____

      3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
            _____
            _____
            _____
            _____

F.    If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance, state them here:
            _____
            _____
            _____

_____
_____
_____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
_____
_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.      Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____    No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid black; display:inline-block">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                                        6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Inmate Number     _____

Institution Address     _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____